BAILEY & OROZCO, LLC
744 BROAD STREET, SUITE 1901
NEWARK, NEW JERSEY 07102
Phone: 973 693 4408
Fax:  973 735 2719
Attorneys for Defendants, Vic Thakur and 21st Century Perfumes

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EXCELL BRANDS, LLC.,

              Plaintiff,

v.

21st CENTURY PERFUMES, and VIC
THAKUR,

              Defendants.

Case No: 2:12-cv-4583-CCC-JAD

**BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER**

## TABLE OF CONTENTS

TABLE OF CONTENTS  ……………………………………………………….……ii

TABLE OF AUTHORITIES ……………………………………………………….iii

STATEMENT OF THE CASE/PROCEDURAL HISTORY ……………………….....1

STATEMENT OF FACTS ……………………………………………………………1

LEGAL ARGUMENT ……………………………………………………………2

I.      DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED
        BECAUSE THE COURT LACKS PERSONAL JURISDICTION ...…………….2

        A.      THIS COURT LACKS GENERAL JURISDICTION …………...………4

        B.      THIS COURT LACKS SPECIFIC JURISDICTION ………………….5

II.     DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED
        BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION
        AS THE AMOUNT IN CONTROVERSY IS BELOW $75,000 …………….......8

CONCLUSION ……………………………………………………………….…....12

## TABLE OF AUTHORITIES

### CASES

Asahi Metal Indus. Co. v., Superior Court, 480 U.S. 102, 107 S.Ct. 1026 (1987) ………4

Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141 (3d Cir.1992) ………………………3

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) …………………………………3

Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287 (3d Cir. 1996) …………………………...3

Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147 (3d Cir. 2010)..3

Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007) ………………………………..8-9

Helicopteros Nacionales de Colombia, S.A. v. Hall,
        466 U.S. 408, 104 S.Ct. 1868 (1984) …………………………………………4-5

Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1954) ………………………4

McNutt v. General Motors Acceptance Corp. of Indiana,
        298 U.S. 178, 56 S.Ct. 780 (1936) …………………………………………………9

Metcalfe v. Renaissance Marine, Inc. 566 F.3d 324, (3d Cir. 2009) …………………..3

Newman-Green, Inc. b. Alfonzo-Larrain, 490 U.S. 826 (1989) …………………………8

Nicholas v. Saul Stone & Co., 224 F.3d 179 (3d Cir. 2000) …………………………….3

Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586 (1938) ……..9

Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, (3d Cir. 1998) ………………...3

Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987) …...5

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312 (3d Cir. 2007) ………………………6

Telecordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172 (3d Cir. 2006) …………………4

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003) ……………….....3

### RULES & STATUTES

Federal Rule of Civil Procedure 12(b)……………………………………………… 2-3

28 U.S.C. § 1332(a)(1) ………………………………………………………………...8

## STATEMENT OF THE CASE/PROCEDURAL HISTORY

In this matter, Plaintiff, Excell Brands, LLC filed a complaint on or about July 21, 2012.  On or about August 22, 2012, Defendant, Vic Thakur was personally served in California at the office of 21st Century Perfumes.  On or about September 12, 2012, Defendant's counsel filed a Notice of Appearance and this Motion to Dismiss in Lieu of an Answer based upon lack of personal jurisdiction and subject matter jurisdiction.

## STATEMENT OF FACTS

Mr. Vic Thakur is an officer of 21st Century Perfumes, Inc. which was incorporated in 2000, and is organized and exists under the laws of the State of California as a C-Corporation.  Its principle place of business is 757 South Los Angeles Street, Suite 401N, Los Angeles, California 90014.  **See Certification of Vic Thakur, ¶1-2.**

Mr. Thakur first met representatives of Plaintiff at a Perfume Store in Los Angeles and later at a Perfume Industry Trade Show in Las Vegas, Nevada 3-4 years ago. **Id at ¶3.**  Over the course of several in-person conversations in Los Angeles and Las Vegas, the parties entered into an oral agreement for the sale of perfumes and colognes of a certain class for delivery to 21st Century Perfumes, Inc. in Los Angeles, California.  **Id.** As part of the bargain, it was agreed between the parties that 21st Century Perfumes was to be the exclusive purchaser of Plaintiff's products in California.  **Id**.  At no point did Plaintiff send a formal written contract for any of 21st Century Perfumes' purchases.  **Id at 4.**  However, after repeated requests, on or about August of 2011, Plaintiff sent a letter acknowledging 21st Century Perfumes as the exclusive purchaser of Plaintiff's products in the State of California as had been agreed in the parties' initial oral agreement.  **Id**.

1

After the parties' initial meetings in Los Angeles, California, Mr. Thakur, as representative of 21st Century Perfumes, Inc., met in-person with representatives of Plaintiff at subsequent trade shows in Las Vegas, Nevada and in 21st Century Perfumes' offices in Los Angeles.  **Id at ¶5**.  Additionally, all payments made for those products were directed to Rosenthal & Rosenthal, Inc. P.O. Box 88926, Chicago, Illinois 60695.  **Id at ¶6**.

While 21st Century Perfumes, Inc.'s website is accessible to the entire world, it has never sold any products to customers in the State of New Jersey, contrary to Plaintiff's complaint.  **Id at ¶7**.  In fact, 21st Century Perfumes sells products almost exclusively to States on the west coast of the United States, and primarily to customers in the State of California, as reflected by the bargained-for exclusivity agreement between the parties.  **Id**.  At no point during the entirety of the business relationship has Mr. Thakur ever entered the State of New Jersey for any purpose, much less to conduct business with Plaintiff.  **Id at ¶5**.  Thus, the business relationship between the parties involved the shipment of perfume/cologne products to California, accompanied by an invoice which directed all payments to be made to Rosenthal & Rosenthal of Chicago Illinois.  **Id at ¶6, and See Certification of Terence Steed, Exhibit A.**

**LEGAL ARGUMENT**

I.    DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) SHOULD BE GRANTED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

Defendants bring this motion to dismiss the Plaintiff's Complaint because the District Court for the District of New Jersey lacks general and specific jurisdiction over

them as required by R. 12(b)(2).  Defendants lack sufficient contacts with the State of New Jersey to justify exercising personal jurisdiction over them for the purposes of Plaintiff's claims.   "The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdiction defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper."  Metcalfe v. Renaissance Marine, Inc. 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).  In deciding a motion to dismiss for lack of personal jurisdiction, the Court should construe as true the allegations within the complaint, and should construe disputed facts in favor of the Plaintiff.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).  The Plaintiff bears the burden of proving, through affidavits of other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction.  Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).  If the Court chooses not to hold a hearing, the Plaintiff must establish only a prima facie case of personal jurisdiction.  Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010) (citing Metcalfe, 566 F.3d at 330).  Once Plaintiff makes a showing, the burden shifts to Defendants to establish that exercising jurisdiction is unreasonable.  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir.1992) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

Federal District Courts may exercise "personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where to district court sits."  Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted).   In this case, the State of New Jersey allows the fullest extent permissible under the Constitution.  Nicholas v. Saul Stone & Co., 224 F.3d 179, 184 (3d

Cir. 2000).  Due Process requires that Defendants have such minimum contacts with the forum state such that exercising jurisdiction over them does not offend traditional notions of fair play and substantial justice.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1954).  "[M]inimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Asahi Metal Indus. Co. v., Superior Court, 480 U.S. 102, 109, 107 S.Ct. 1026 (1987) (internal quotations and citations omitted).  The existence of sufficient minimum contacts depends upon "the nature of the interactions and type of jurisdiction asserted."  Telecordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006).  Plaintiff's Complaint alleges "[t]his Court has personal jurisdiction over Defendants by virtue of, among other things, Defendants distribution of various products in New Jersey and the specific business relationship between the parties in this matter."  **See Plaintiff's Complaint, ¶5, attached to the Certification of Terence Steed, Exhibit E.**  As it does not clearly identify whether it is asserting general or specific jurisdiction, Defendants will briefly address both.

> A.   THIS COURT LACKS GENERAL JURISDICTION OVER DEFENDANTS.

Where Plaintiff contends that Defendants are subject to general jurisdiction, the Court must determine whether Defendants have continuous and systematic contacts with New Jersey to confer personal jurisdiction.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16, 104 S.Ct. 1868 (1984).  Where such contacts exist, Defendants may be called to answer any claims against them, regardless of whether they

arise out of those contacts. <u>Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.</u>, 819 F.2d 434, 437 (3d Cir. 1987).

Here, Plaintiff's Complaint alleges that 21st Century Perfumes, Inc distributes various products in New Jersey. **See Exhibit E, ¶5.** However, this bald assertion cannot be supported as 21st Century Perfumes has never sold any products to customers in the State of New Jersey. **See Certification of Vic Thakur, ¶7.** On the contrary, 21st Century Perfumes sells products almost exclusively to the States on the west coast of the United States, and primarily to customers in the State of California, as reflected by the exclusivity agreement bargained-for and agreed between the parties. **Id**.

Plaintiff's Complaint also alleges that the business relationship between the parties in this matter justifies exercising personal jurisdiction. **See Exhibit E, ¶5.** As far as general jurisdiction is concerned, an agreement for the sale of products does rise to the level of continuous and systematic contacts. "Mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." <u>Helicopteros</u>, 466 U.S. at 417.

Therefore, the facts in this matter lack the necessary continuous and systematic contacts between Defendants and New Jersey to justify the Court exercising General Jurisdiction over Defendants.

  B. THIS COURT LACKS SPECIFIC JURISDICTION OVER DEFENDANTS.

Where Plaintiff contends that the claims arise out of Defendants' contacts, the Court must engage in a three-part inquiry: (1) the defendant must have purposefully

directed activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) only after the first two prongs are satisfied, whether the exercise of jurisdiction still comports with fair play and substantial justice.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).  While this analysis is generally done on a claim-by-claim basis, "it may not be necessary to do so for certain factually overlapping claims."  Id at 318, fn. 3.  Here, all of Plaintiff's alleged damages appear to stem from the three alleged non-payments contained within paragraphs 7-9 of Plaintiff's Complaint.  **See Exhibit E, ¶7-9.**  Thus, it cannot be said that Plaintiff's claims against Defendants arise out of the distribution of various products in New Jersey.  Therefore, if Plaintiff is alleging specific jurisdiction it must arise out of "the business relationship between the parties."  **See Exhibit E, ¶5.**

First, Defendants did not direct activities at New Jersey.  As stated above, Defendants first interaction with representatives of Plaintiff occurred in-person in California.  **See Certification of Vic Thakur, ¶3.**  Defendants later met representatives of Plaintiff in-person at Perfume Industry Trade Shows in Las Vegas, Nevada and again in-person in Los Angeles, California.  **Id.**  Ultimately, at another in-person meeting in Nevada or California, the parties did reach an agreement for the sale and delivery of products to California.  **Id.**  As part of that agreement, Plaintiff agreed not to sell its products to any other company in California.  **Id.**  This is the extent of any business relationship between the parties.  At no point did Defendants send any representatives, including Mr. Thakur, to visit the State of New Jersey, nor did they direct any payments to New Jersey, or direct any sales to New Jersey.  **Id at ¶5-7.**

Second, even if the Court determined that Defendants directed activities at New Jersey, these claims do not arise out of those activities. Essentially, Plaintiff is alleging the act of non-payment by Californian Defendants, where Defendants were directed to make payments to a non-party, Rosenthal & Rosenthal, located in Illinois, for products delivered in California, based upon a sale of goods negotiated and agreed in California and Nevada. **Id at ¶¶ 2-7, and Exhibit A.** At all stages the relationship took place outside of New Jersey. For instance, the negotiations leading up to an agreement, in-person meetings, deliveries, and payments all took place outside the State of New Jersey. **Id.** As to the fraud claim against Mr. Thakur, Plaintiff makes no allegations that any of the alleged fraudulent actions by Mr. Thakur took place in the State of New Jersey. **See Plaintiff's Complaint, ¶¶23-29.** If anything, Plaintiff purposefully availed itself of the State of California, Nevada, and Illinois in their pursuit of a business relationship with Defendants.

Third, based upon the weakness of Plaintiff's arguments relating to the first two prongs, it is clear that traditional notions of fair play and substantial justice would not be satisfied here. Compelling Defendants to submit to this Court based upon this solitary business relationship would create an unreasonable burden on Defendants to travel cross country repeatedly for depositions, conferences, and possibly even trial.

Therefore, Defendants lack sufficient contacts with this tribunal to justify exercising personal jurisdiction over Defendants, whether general or specific jurisdiction.

II.     DEFENDANT'S MOTION TO DISMISS SHOULD BE
        GRANTED BECAUSE THE COURT LACKS SUBJECT
        MATTER JURISDICTION OVER THIS CLAIM AS THE
        AMOUNT IN CONTROVERSY IS LESS THAN $75,000.

Plaintiff's claims arise out of three alleged shipments and the corresponding non-payment of those shipments by 21st Century Perfumes, Inc. **See Plaintiff's Complaint, ¶¶7-9.** However, Defendant satisfied the claims relating to the first shipment contained within paragraph seven of Plaintiff's Complaint. Thus, without one of its three bases for its claims, the total amount in controversy falls below the requisite $75,000.

In order for a claim based upon diversity of citizenship to be brought in Federal court, the controversy must be between citizens of different states, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). Defendants do not challenge diversity of citizenship, as Plaintiff is a citizen of New Jersey and Defendants are citizens of California. However, Defendants do challenge the alleged amount in controversy ($99,619.20), as the correct amount, as agreed between the parties, and supported by documentary evidence, is actually $71,395.20.

In determining whether federal diversity jurisdiction exists, the Court examines "the facts as they exist when the complaint is filed." Newman-Green, Inc. b. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). In order to determine the amount in controversy where the amount *is not* in dispute, the Court must apply the legal certainty test. Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). The legal certainty test will find the amount sufficient if, at the time the case is brought in federal court, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith' . . . The case will be dismissed only if 'from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the

court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" Id (citing Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S. Ct. 586 (1938).

Alternatively, in order to determine the amount in controversy where the amount *is* in dispute, the Court must apply the preponderance test. Frederico 507 F.3d at 194. Where the Defendant challenges the amount asserted in the Complaint, and the Plaintiff maintains that the amount asserted is accurate, the "'court may . . . insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.'" Id (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780 (1936) (ellipsis in original quotation).

Here, Defendants' proofs demonstrate that the alleged non-payment of the January 20, 2012 invoice contained within paragraph seven of Plaintiff's Complaint (hereinafter "January Invoice") is no longer in dispute between the parties. First, based upon the January Invoice for $28,224.00, on or about April 18, 2012, 21st Century Perfumes returned $22,043.75 in products to Excell Brands, LLC. **See Certification of Vic Thakur, ¶8; the January 20, 2012 invoice attached to the Certification of Terence Steed as Exhibit A;  and the April 18, 2012 Shipping Receipt of inventory returned to Excell Brands, LLC, attached to the Certification of Terence Steed as Exhibit B.** Second, on that same date, 21st Century Perfumes wrote a check in the amount of $6,079.45 in full satisfaction of the remainder of the January Invoice.[1] **See Certification of Vic Thakur, ¶8; and the April 18, 2012 check No.: 1007 made**

---

[1] The $100.80 discrepancy in the amount of product/money returned by Defendants and the amount sought in the January Invoice is due to the fact that the original shipment from Plaintiff was missing two boxes of product, thus reducing the amount Defendant actually received and returned.

9

payable to **Rosenthal & Rosenthal for $6,079.45, attached to the Certification of Terence Steed as Exhibit D.**[2] Third, in recognition of 21st Century Perfume's return of goods, on or about April 26, 2012, Plaintiff sent a Memorandum of Credit to Defendants. **See April 26, 2012 Memorandum of Credit Generated by Excell Brands, LLC, attached to the Certification of Terence Steed as Exhibit C.** Finally, on or about August 12, 2012, a partner from Excell Brands, LLC, Bernie Rosenblum, approached Mr. Thakur at a Trade Show in Las Vegas, Nevada regarding the alleged total amount of $99,619.20 owed by 21st Century Perfumes to Excell Brands, LLC. In the course of that conversation, the representative acknowledged the April 2012 return of products and payment of $6,079.45 in full satisfaction of the January Invoice. Both parties agreed that the only disputed amounts owed arose from the February 1, 2012 shipment and the February 21, 2012 shipment, totaling $71,395.20. **See Certification of Vic Thakur, ¶9.** Thus, the January Invoice is no longer in dispute between the parties and the amount in controversy is therefore reduced by $28,224.00 to $71,305.20.

As it is clear that Defendant's challenge the amount asserted in Plaintiff's Complaint, the Court must determine which of the two tests above is applicable, and the applicable test depends on the nature of Plaintiff's opposition to this motion. First, assuming that Plaintiff *does not* dispute Defendant's proofs contained herein (ie. return of products, partial payment, and acknowledgment by Plaintiff of that action), the Court must apply the legal certainty test. Defendant's proofs, outlined above, demonstrate that the Court should disregard the amount claimed in paragraph seven of Plaintiff's Complaint in calculating the amount in controversy because that claim was already

---

[2] Rosenthal & Rosenthal are the factors of Plaintiff's and Plaintiff's January Invoice directed that all payments should be made to Rosenthal & Rosenthal.

satisfied at the time of the filing of the Complaint.  Thus, the amount in controversy is $71,395.20, and the Court must dismiss this matter because it is clear to a legal certainty that Plaintiff was never entitled to recover the amount claimed in the Complaint, and the remaining claims fail to meet the minimum amount required to maintain a diversity action.

Second, if Plaintiff *does* dispute Defendant's proofs, the Court must apply the preponderance standard, and weigh whatever additional proofs Plaintiff produces against those produced by Defendants herein and in Defendants' Reply.  It is Defendants' position that if the Court chooses to seek limited jurisdiction discovery, Plaintiff will not be able to justify its allegations by a preponderance of the evidence.  Even if Plaintiff is successful by a preponderance, any short-lived continuance of this case will only result in a later dismissal based upon the same grounds when the discovery process proves Defendants' position correct.

Therefore, as Plaintiff can no longer pursue a claim related to paragraph seven of Plaintiff's Complaint, the January Invoice, Plaintiff's claims only total $71, 395.20 and fall below the minimum amount required to sustain a diversity claim in Federal Court. As this return of goods and repayment was made three months before the filing of the Complaint, "the facts as they exist when the complaint is filed" justify dismissal. Plaintiff acknowledge the return of goods and repayment three months before the filing of the Complaint via a Memorandum of Credit, therefore it cannot be said that the sum claimed by the Plaintiff is made in good faith and should be taken at face value because Plaintiff was aware that the January Invoice was no longer in dispute.  Instead, the Court should rely on Defendant's proofs which demonstrate that (1) Defendant returned

11

products and (2) made a payment to cover the remainder of the January Invoice, (3) Plaintiff sent a Credit Receipt in acknowledgment of Defendants' action, and (4) Plaintiff's representative acknowledged that the claim was no longer disputed in-person on August 12, 2012.   Therefore, it is a legal certainty that the actual amount in controversy is $71,395.20.

## <u>CONCLUSION</u>

This Court lacks personal jurisdiction over Defendants and Plaintiff's claims fail to meet the minimum amount in controversy such that this Court also lacks subject matter jurisdiction over this matter.  If Plaintiff's claims must be disputed, it should take place in a proper forum.  For all of the aforementioned reasons it is respectfully submitted that this motion be granted, and Plaintiff's complaint be dismissed.

Respectfully submitted,

Bailey & Orozco, LLC
Attorneys for Defendants

By:      /s/ Terence Steed
Terence Steed, Esq.
Dated:  September 12, 2012                    Attorney for Defendants
21st Century Perfumes, Inc. &
Mr. Vic Thakur