BAILEY & OROZCO, LLC
744 BROAD STREET, SUITE 1901
NEWARK, NEW JERSEY 07102
Phone: 973 693 4408
Fax:  973 735 2719
Attorneys for Defendants, Vic Thakur and 21st Century Perfumes

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXCELL BRANDS, LLC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>21st CENTURY PERFUMES, and VIC THAKUR,<br><br>　　　　Defendants. | Case No: 2:12-cv-4583-CCC-JAD<br><br>**CERTIFICATION OF VIC THAKUR** |

　　　　I, Vic Thakur, being of full age, do hereby certify as follows:

　　　　1.　　I am an officer of 21st Century Perfumes, Inc., and I am authorized to act as its representative and agent.

　　　　2.　　21st Century Perfumes was incorporated in 2000, and is organized and exists under the laws of the State of California as a C-Corporation.  Its principle place of business is 757 South Los Angeles Street, Suite 401N, Los Angeles, California 90014.

　　　　3.　　I first met representatives of Plaintiff at a Perfume Store in Los Angeles and later at a Perfume Industry Trade Show in Las Vegas, Nevada 3-4 years ago.  Over the course of several in-person conversations in Los Angeles and Las Vegas, I entered into an oral agreement with Plaintiffs to purchase perfumes and colognes of a certain class for delivery to 21st Century Perfumes, Inc. in Los Angeles, California in return for payments and the right to be the exclusive purchaser of Plaintiff's products in California.

4. At no point did Plaintiff send a formal written contract for any of 21st Century Perfumes' purchases. However, after repeated requests, on or about August of 2011, Plaintiff sent a letter acknowledging 21st Century Perfumes as the exclusive purchaser of Plaintiff's products in the State of California as had been agreed in the parties' initial oral agreement.

5. After our initial meetings in Los Angeles, California, I have met in-person with representatives of Plaintiff at subsequent trade shows in Las Vegas and in my offices in Los Angeles. At no point during the entirety of our business relationship have I entered the State of New Jersey for any purpose, much less to conduct business with Plaintiff.

6. All payments made for products received were made payable to Rosenthal & Rosenthal, Inc. P.O. Box 88926, Chicago, Illinois 60695.

7. While 21st Century Perfumes has a website accessible to the entire world, it has never sold any products to customers in the State of New Jersey. 21st Century Perfumes sells products almost exclusively to the States on the west coast of the United States, and primarily to customers in the State of California, as reflected by the exclusivity agreement between the parties.

8. Based upon the allegations of $28,224.00 owed by Defendants to Plaintiff for the January 12, 2012 shipment, 21st Century Perfumes returned $22,043.75 in products to Excell Brands, LLC and made a payment of $6,079.45 in full satisfaction of that unpaid shipment. **See January 20, 2012 invoice attached to the Certification of Terence Steed as Exhibit A;  See April 18, 2012 Shipping Receipt of inventory being returned to Excell Brands, LLC, attached to the Certification of Terence Steed as**

**Exhibit B; See April 26, 2012 Memorandum of Credit Generated by Excell Brands, LLC, attached to the Certification of Terence Steed as Exhibit C; and See April 18, 2012 check No.: 1007 made payable to Rosenthal & Rosenthal for $6,079.45, attached to the Certification of Terence Steed as Exhibit D.** Thus, the January 12, 2012 shipment of products has been returned in full to Plaintiff and 21st Century Perfumes owes them nothing more for that shipment.

9. On or about August 12, 2012, a partner from Excell Brands, LLC, Bernie Rosenblum, talked to me at the Trade Show in Las Vegas regarding the alleged total amount of $99,619.20 owed by 21st Century Perfumes to Excell Brands, LLC. In the course of that conversation, the representative acknowledged the April 2012 return of products and payment of $6,079.45 in satisfaction of the January 12, 2012 shipment. Both parties agreed that the only disputed amounts owed arose from the February 1, 2012 shipment and the February 21, 2012 shipment, totaling $71,395.20.

10. As it relates to Plaintiff, I never signed any personal guaranty on behalf of 21st Century Perfumes, Inc. nor did I sign any agreement which submitted myself or 21st Century Perfumes, Inc. to the laws and/or forum of the State of New Jersey. My involvement in this entire matter has been in my professional capacity as an officer of 21st Century Perfumes, Inc.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Vic Thakur
Authorized Representative of
21st Century Perfumes

Dated: Sept 10 2012